UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF         )  Case No. 14mj7099 JCB
THE EXTRADITION OF       )
ZIAD AKL                 )  FILED UNDER SEAL
                         )

## COMPLAINT

I, Brian Pérez-Daple, an Assistant United States Attorney in the District of Massachusetts, being duly sworn, state, in reliance on the attached documentation, that the following is true and correct:

1. There is a treaty of extradition in force between the United States of America and Canada, signed December 3, 1971, and entered into force on March 22, 1976. The treaty was amended by a Protocol signed on January 11, 1988, which entered into force on November 26, 1991, and the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001, which entered into force on April 30, 2003. Copies of the Treaty and the Protocols are appended to the Declaration of State Department Attorney Adviser Anna Cavnar, which is attached to this complaint as Exhibit A.

2. Pursuant to the treaty, Canada has submitted a formal request through diplomatic channels for the extradition of ZIAD AKL. That request is also appended to the declaration of Anna Cavnar and attached to this complaint as part of Exhibit A.

3. According to information provided by Canada in the form authorized by the Treaty and the Protocols, AKL has been charged with the crimes of (a) aggravated assault, in violation of Section 268 of the Criminal Code of Canada, and (b) assault, in violation of subsection (a) of Section 266 of the Criminal Code of Canada.

1

4. AKL is the subject of an arrest warrant issued by Justice of the Peace Jean-Georges Laliberté on February 23, 2010. The crimes with which AKL has been charged are covered by Article 2 of the Extradition Treaty between the United States and Canada, as replaced by Article 1 of the 1988 Protocol. That article provides that extradition shall be granted for conduct that constitutes an offense punishable by both the laws of Canada and the United States by imprisonment for a term exceeding one year. The crimes of aggravated assault and assault are offenses punishable by both the applicable laws in Canada and in the United States by imprisonment for a term exceeding one year.

5. The charges against AKL were based at least in part on the following facts, which are recited in greater detail in Appendix D to statement of Ann Ellefsen, prosecuting attorney for the Director of Criminal and Penal Prosecutions of Québec, attached hereto as Exhibit B:

On December 26, 2009, at approximately 3:55 am, at the Red Lite Afterhours Nightclub located at 1755 rue de Lierre, Laval, Québec, Canada, AKL was involved in an altercation. AKL and around nineteen other men assaulted club doormen John Sully and Jean-Lionel Michel as the doormen were attempting to prevent AKL and the other men from entering the club.

Specifically, at approximately 3 am, Red Lite doormen turned away a man who had attempted to enter the nightclub without paying an entrance fee. The man told them that he was part of the gang of "Ti-Bob" and that there would be problems. Several minutes later, a group of men, led by AKL, his brother Élias Akl, and Ti-Bob, assembled in front of the Red Lite and confronted Michel. Armed with brass knuckles, knives, a bat, and a pistol, they attempted to push their way into the nightclub. The Red Lite's surveillance video, which captured the incident clearly, shows Élias Akl hitting Michel in the chest. After several of the men, including AKL, took out their knives, the doormen moved out of their way.

Sully and a colleague then arrived and attempted to help the club employees who were being assaulted. During the ensuing altercation, AKL and Élias Akl kicked Sully several times in the head and body. Another assailant stabbed Sully twice, once in the hand and once in the chest, causing Sully to fall to the ground. As Sully tried to get up, members of the group jumped on his head, and he lost consciousness. Sully awoke at the hospital, where he experienced problems with his vision and learned that he had sustained a concussion and been stabbed three times, in all (in the wrist, thumb and chest). Another one of the assailants, Ahmed Farah Muhidin, pleaded guilty in December 2010 to stabbing Sully.

After the attack, police extracted photographs of the assailants from the Red Lite's surveillance video and showed them to witnesses and victims. The witnesses identified AKL as one of the assailants. Sully did not identify AKL from the pictures, but he did describe being hit by a husky man using a brass knuckle who was between 25 and 30 years old; approximately 5'10 in height; and had tattoos on his entire face. A review of the surveillance footage showed that AKL was the only individual among the assailants with tattoos on his face. A photograph of AKL taken by the Red Lite's surveillance camera is attached hereto as Exhibit C.

6. AKL was born on April 20, 1974. AKL's photograph, taken from his driver's license, is contained in the extradition request and is attached hereto as Exhibit D. The United States has obtained information that AKL currently resides in North Andover, Massachusetts, at an address known to law enforcement.

7. State Department Attorney Adviser Anna Cavnar has provided the Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the extradition treaty between the United States and Canada; stating that the offenses for which extradition is demanded are covered by the treaty; and

confirming that the documents supporting the request for extradition are properly certified by the principal American diplomatic or consular officer in Canada, in accordance with Title 18, United States Code, Section 3190, so as to enable them to be received in evidence.

WHEREFORE, I request that a warrant be issued, pursuant to Title 18, United States Code, Section 3184, for the arrest of ZIAD AKL; that ZIAD AKL be brought before this Court and the evidence of criminality heard; that if on such hearing, this Court deems the evidence sufficient under the provisions of the treaty to sustain the charge, the Court certify the same to the Secretary of State in order that a warrant may issue for the surrender of said ZIAD AKL to Canada, according to the stipulations of the treaty; and that this Court take such other actions as this Court is required to take under the provisions of the treaty and the laws of the United States.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: _____
Brian Pérez-Daple
Assistant United States Attorney
District of Massachusetts
1 Courthouse Way
Boston, MA 02110

Sworn to before me this second day of June, 2014,
at Boston, Massachusetts.

AND A WARRANT SHALL SO ISSUE.

_____
Hon. Jennifer C. Boal
United States Magistrate Judge

